[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDER RE: APPLICATION FOR PREJUDGMENTREMEDY
The Court finds probable cause for the following prejudgment remedy of attachment which is granted against the following defendant:
 $33,000 against the real estate of the defendant Michael Morin more particularly bounded and described as follows:
 All that certain piece of parcel of land, with the buildings thereon, situated in the Town of Stratford, County of Fairfield and State of Connecticut, being known and designated as the Westerly 100 feet of CT Page 9411 Lots Nos. 517 and 518 on a certain map entitled "Map No. 2 which is part of Section One of Map of Lordship Manor, situated at Stratford Point, Stratford, Conn." dated Oct. 1911, as on file in the Stratford Town Clerk's Office as Map No. 60, said premises being bound and described as follows:
NORTHERLY: By the greater portion of Lot No. 519, as shown on said map, 100 feet;
EASTERLY: By the remaining portion of Lots Nos. 518 and 517 as shown on said map. 120 feet;
SOUTHERLY: By Ocean Avenue, 100 feet;
WESTERLY: By Pauline Street, 120 feet;
The Court further finds that there is probable cause that Mr. Morin signed a guarantee for a $20,000. note of the Heartland Candle Company Inc. which note is due and unpaid. This guarantee was for 50% of the note.
The Court further finds that there is probable cause that Mr. Morin signed a guaranty for a $39,700. obligation of said Heartland Candle Company Inc., which note is due and unpaid. There is probable cause to find that this guarantee was for 50% of the note and provided in pertinent part that:
 "Bank in its sole discretion, shall have the right to proceed first and directly against Guarantor under this Guaranty without proceeding against or exhausting any other remedies which it may have and without resorting to any collateral or any other guaranty held by Bank."
The guarantees provide for payment of costs of collection including reasonable attorney's fees.
So ordered.
FLYNN, J.